UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHELSEY N. HANKINS,

    Plaintiff,

v.

RICKY WADDLE, et al.,

    Defendants.

Case No. 1:21-cv-474
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's August 3, 2021, Order and Report and Recommendation ("R&R") (Doc. 8). The Magistrate Judge recommends that the Court dismiss with prejudice one of the two claims presented in Plaintiff Chelsey Hankins' Complaint (Doc. 1). For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 8) and accordingly **DISMISSES WITH PREJUDICE** Hankins' claims in this action except for her Eighth Amendment claim against Defendant Ricky Waddle in Waddle's individual capacity.

To start, the R&R advised Hankins and Defendants that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 8, #209). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Accordingly, the parties here needed to object by August 17, 2021. The time for filing objections has since passed, and no party has objected.

Nonetheless, although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Hankins, a former inmate at the Lawrence County Jail (the "Jail"), asserts claims against the Lawrence County Jail and Ricky Waddle, a nurse at the Jail, arising out of a hospital visit in December 2020. (Compl., Doc 1, #4). Hankins alleges that on or around December 23, 2020, she awoke from a nap at the Jail feeling fatigued, and consequently alerted a corrections officer. (*Id.* at #4, 6). Jail staff noted that Hankins' skin and eyes appeared jaundiced, and Hankins was transported to St. Mary's Hospital in Ironton. (*Id.*). There, a doctor diagnosed Hankins with a kidney infection, prescribed her an oral antibiotic, and instructed Jail staff to return Hankins to the Hospital the next day. (*Id.* at #7–8). When she returned the next day, the doctor further diagnosed Hankins with Hepatitis A and C and scheduled certain follow-up appointments. (*Id.* at #8–9).

Jail staff allegedly consented to transport Hankins to these future appointments. (*Id.* at #9).

Hankins alleges that, despite their awareness of the antibiotic prescription and necessity of follow-up appointments at the Hospital, Jail staff—and particularly Nurse Waddle—failed to provide her with timely medication, neglected to transport her to future appointments, and ignored her health-related complaints. (*Id.* at #4, 10). While she ultimately received the antibiotic, she claims that these failures aggravated her kidney infection and liver conditions, which have since caused significant pain and suffering, as well as monetary damage. (*Id.* at #11–12).

Pursuant to the sua sponte screening obligations set forth in 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed Hankins' Complaint (Doc. 1) and found that Hankins' claim against the Jail fails as a matter of law. (R&R, Doc. 8, #30). The R&R correctly observes that 42 U.S.C. § 1983 provides that "person[s]" shall be liable for their deprivations of another's rights, and that "[a] correctional facility is not a 'person' subject to suit" under that statute. (*Id.* at #30–31). Further, Hankins failed to allege at all, let alone plausibly allege, that her constitutional rights were violated pursuant to a county policy, and thus her claim would fail even if it were "liberally construed as against Lawrence County itself." (*Id.* at #31). On the other hand, the R&R concluded that Hankins' claim against Waddle in her individual capacity could proceed. (*Id.* at #30). The Court finds no clear error in either of these determinations.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 8). The Court thus **DISMISSES WITH PREJUDICE** the claims in Hankins' Complaint (Doc. 1) except for her Eighth Amendment claim against Defendant Ricky Waddle.

**SO ORDERED.**

January 3, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**