IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| CHELSEY N. HANKINS, | : | Case No. 1:21-cv-00474 |
| Plaintiff, | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| RICKY WADDLE, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff, an inmate in state custody who is proceeding without the assistance of counsel, alleges that prison officials violated her civil rights while she was incarcerated in the Lawrence County Jail. On August 3, 2021, the Court recommended the dismissal of Plaintiff's claims with prejudice except for Plaintiff's Eighth Amendment claim against Defendant Ricky Waddle in her individual capacity. The Court ordered the U.S. Marshal to serve a copy of the complaint and summons upon Defendant Waddle.

Defendant Waddle was served on September 1, 2021. (Doc. 10.) Defendant's answer was due on September 22, 2021. However, Defendant did not file an answer or otherwise respond to the Complaint.

On October 6, 2022, the Court issued an Order to Show Cause that required Plaintiff to "show cause, in writing on or before November 7, 2022, why the Court should not dismiss this case for lack of prosecution due to Plaintiff's failure to request an entry of default from the Clerk of Court." (Doc. 14.) The Court advised Plaintiff that she may

satisfy the requirements of the Show Cause Order by requesting an entry of default from the Clerk of Court on or before November 7, 2022. (*Id.*) The Court warned Plaintiff that "[f]ailure to timely comply with this Order will result in a Report and Recommendation to the District Judge that the case be dismissed for lack of prosecution." (*Id.*)

The deadline for responding to the Show Cause Order expired several weeks ago. To date, Plaintiff has neither filed a response to the Show Cause Order nor filed a request for an entry of default from the Clerk of Court.

This Court considers the following factors when determining whether to dismiss a case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

All four factors weigh in favor of dismissal. As to the first factor – willfulness, bad faith, or fault – the Court's Show Cause Order directed Plaintiff to take specific actions to avoid having her case be dismissed for lack of prosecution, and she failed to comply. The fact that Plaintiff is not represented by counsel does not excuse her failure to obey this Court's orders. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (affirming dismissal for lack of prosecution where a *pro se* plaintiff "failed to adhere to readily comprehended court deadlines of which he was well-aware").

The second factor also weighs in favor of dismissal. Litigation is often expensive, time-consuming and stressful for the parties. As a general matter, defendants are prejudiced when a case filed against them is unduly prolonged by a plaintiff's failure to respond to their dispositive motions or otherwise to prosecute the matter.

The third factor similarly weighs in favor of dismissal. The Court warned the Plaintiff in its Show Cause Order that a failure to respond to the Order, or to request an entry of default from the Clerk of Court, would lead to a recommendation for dismissal.

Finally, the fourth factor weighs in favor of dismissal. Given the Plaintiff's failure to comply with the Court's Order, no sanction short of dismissal would be appropriate. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b); and

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons stated above, an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    */s/ Caroline H. Gentry*
    Caroline H. Gentry
    United States Magistrate Judge

Procedure on Objections

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).