UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHELSEY N. HANKINS,**

    **Plaintiff,**

    v.

**RICKY WADDLE,** *et al.***,**

    **Defendants.**

Case No. 1:21-cv-474
JUDGE DOUGLAS R. COLE
Magistrate Judge Gentry

## ORDER

Chelsey Hankins sued Ricky Waddle and others alleging they violated her civil rights during her incarceration at the Lawrence County Jail. (Doc. 1). The Court previously dismissed all of Hankins's claims except for her individual-capacity claim against Waddle. (*See* Doc. 11). Waddle never filed an answer, but Hankins never requested an entry of default either. More than a year went by without either party taking any action. So the Magistrate Judge issued a show-cause order on October 6, 2022, requiring Hankins to explain why her case should not be dismissed for lack of prosecution. (Doc. 14). Hankins did not respond. Consequently, the Magistrate Judge's January 6, 2023, Report and Recommendation ("R&R") (Doc. 15) recommends that this Court dismiss the Complaint with prejudice for want of prosecution.

The R&R also advised the parties that failure to object within 14 days may result in forfeiture of rights, including the right to District Court review. (*Id.* at #54). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's

report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § (b)(1)(C). Neither party objected. But even without any objections, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court sees no clear error here. While the Court takes care to construe a pro se litigant's filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), such a liberal construction does not relieve Hankins of her obligation to comply with the Court's procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Court is empowered to sua sponte dismiss a case for lack of prosecution, which the R&R recommends here. *See* Fed. R. Civ. P. 41(b); *see also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The R&R also capably analyzes the factors in play here and concludes that all of them favor dismissal. (Doc. 15, #52–53). Given the lack of action on this case since mid-2021, even in the face of the Magistrate Judge's show-cause order, the Court agrees. But given Hankins's pro se status and that Waddle never filed an answer, the Court's dismissal will not be *with* prejudice.

The Court **ADOPTS** the R&R (Doc. 15) and **DISMISSES** the Complaint (Doc. 1) **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk enter judgment and **TERMINATE** this matter on the Court's docket. The Court further **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that, for the reasons stated above, an appeal of this

2

Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Thus, the Court **DENIES** Hankins leave to appeal in forma pauperis.

**SO ORDERED.**

April 19, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**